UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHOSEN CONSULTING, LLC d/b/a CHOSEN HEALTHCARE; INDIANA ATC JV, LLC d/b/a HICKORY RECOVERY NETWORK; HIGHLAND RECOVERY, LLC d/b/a HICKORY TREATMENT CENTER AT HIGHLAND; CHOSEN HIGHLAND, LLC; and HICKORY HOUSE RECOVERY, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> TOWN COUNCIL OF HIGHLAND, INDIANA; HIGHLAND MUNICIPAL PLAN COMMISSION; TOWN OF HIGHLAND, INDIANA; and MARK SCHOCKE, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No: 2:24-cv-3<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND OTHER RELIEF**

Plaintiffs Chosen Consulting, LLC d/b/a Chosen Healthcare ("Chosen Healthcare"), Indiana ATC JV, LLC d/b/a Hickory Recovery Network ("Hickory Recovery Network"), Highland Recovery, LLC d/b/a Hickory Treatment Center at Highland ("Hickory Treatment Center"), Chosen Highland, LLC ("Chosen Highland") and Hickory House Recovery, LLC ("Hickory House Recovery") (collectively referred to as "Plaintiffs"; Hickory Recovery Network, Hickory Treatment Center, and Hickory House Recovery will on their own be referred to as "the Hickory Plaintiffs"), for their *Complaint for Damages and Other Relief* against defendants Town Council of Highland, Indiana ("Town Council"), the Highland Municipal Plan Commission ("Commission"), the Town of Highland, Indiana ("Town of Highland") (collectively the Town

Council, Commission, and Town of Highland are the "Highland Defendants"), and Mark Schocke ("Schocke") (collectively referred to as "Defendants"), state as follows:

## Parties

1. Chosen Healthcare is a Delaware limited liability company with its principal place of business located in Indianapolis, Indiana. Chosen Healthcare manages residential health care facilities in Indiana, including the former dual-licensed nursing and skilled nursing facility at issue in this litigation.

2. Hickory Recovery Network is a Delaware limited liability company with its principal place of business located in Fishers, Indiana. Hickory Recovery Network manages residential health care facilities in Indiana, including the proposed sub-acute facility at issue in this litigation, providing research-based treatment to individuals with addiction-related physical or mental ailments, including substance abuse disorders.

3. Hickory Treatment Center is an Indiana limited liability company with its principal place of business located in Fishers, Indiana. Hickory Treatment Center has been delegated management of the proposed sub-acute facility at issue in this litigation.

4. Chosen Highland is a Delaware limited liability company with its principal place of business located in New York, New York. Chosen Highland is the owner of the property located at 9630 Fifth Street, Highland, Indiana 46322, the property at issue in this litigation.

5. Hickory House Recovery is a Delaware limited liability company with its principal place of business located in Fishers, Indiana. Hickory House Recovery is the entity seeking state certification for the proposed sub-acute facility at issue in this litigation.

6. The Town of Highland is a municipality under Indiana law.

7. The Commission is an elected board consisting of seven members who assist in the administration of the Planning and Zoning Law of the Town of Highland.

8. The Town Council is a group of elected officials comprising the governing body of Highland with the power to adopt ordinances and resolutions for the Town of Highland.

9. Schocke, an individual and a citizen of Indiana, is a member of the Town Council representing Ward 3. He was elected to the Town Council in November 2019 and sworn into office in January 2020. He served as the President of the Town Council in 2020.

**Jurisdiction and Venue**

10. The Plaintiffs' claims arise under 42 U.S.C. § 1983. Jurisdiction is established by 28 U.S.C. §§ 1331 and 1343.

11. All facts, events, transactions, and the subject property giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana, Hammond Division. Accordingly, venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

**Background Facts**

12. Approximately 50 years ago, the property located at 9630 Fifth Street, Highland, Indiana 46322 (the "Property"), was permitted as a legal nonconforming use and began operating as Highland Nursing and Rehabilitation Center. It continuously operated as Highland Nursing and Rehabilitation Center until mid-2019.

13. On April 2, 2019, Chosen Highland became the owner of the Property.

14. Chosen Healthcare managed the Highland Nursing and Rehabilitation Center from September 1, 2014 to June 30, 2019.

15. Highland Nursing and Rehabilitation Center provided medical treatment to its patients for physical and/or mental ailments on the Property as a dual-certified nursing facility and

skilled nursing facility, including for patients who suffered from addiction-related physical or mental ailments, including substance abuse disorders.

16. "Nursing Home" is defined in Section 18.05.250 of the Highland Municipal Code as "an institution where infirm persons or the aged or children reside, where in-patient physician and nursing care may be provided to persons suffering from physical or mental ailments, where daily out-patient physician and nursing care may be provided, and where administrative and staff offices and living quarters operating as an integral part of such institution may be provided."

17. Highland Nursing and Rehabilitation Center operated on the Property as a Nursing Home pursuant to Section 18.05.250 of the Highland Municipal Code and in accordance with the legal nonconforming use.

18. In mid-2019, Plaintiffs began transitioning the Property's operations as a dual-certified nursing facility and skilled nursing facility to focus on providing continued services as (a) a sub-acute facility pursuant to Ind. Code § 12-22-2, (b) a Nursing Home pursuant to Section 18.05.250 of the Highland Municipal Code, and (c) in full accordance with the existing legal nonconforming use.

19. As part of the transition, Chosen Healthcare had to give up its licensure of the Highland Nursing and Rehabilitation Center as a dual-certified nursing facility and skilled nursing facility.

20. Although Plaintiffs have always provided care to patients who suffered from addiction-related physical or mental ailments, including substance abuse disorders, upon transition, the sub-acute facility on the Property will provide treatment primarily to such patients.

21. Plaintiffs promptly notified representatives of the Town of Highland of the transition plans and were not advised of any objection to such plans. Representatives of Plaintiffs

met with Ken Mika (Building Commissioner and Zoning Administrator for the Town) and Mark Herak (a Town Council member) at the Highland Town Hall on July 9, 2019, to discuss the transition. Mr. Mika and Mr. Herak initially expressed support for the proposed transition, although Mr. Mika also told Plaintiffs' representatives that the proposed use might require a use variance.

22. Mr. Mika never discussed Plaintiffs' proposed use with the Town Council, nor did he indicate to Plaintiffs that a use variance was indeed required.

23. In reliance upon the statements of Town representatives in support of the proposed transition, Plaintiffs invested substantial time and money in preparing the Property for transition in the belief that Defendants, including the Town Council and Commission, had no objection.

24. By approximately August 2019, Plaintiffs had completed all necessary prerequisites to obtain certification as a sub-acute facility through the Indiana Family and Social Services Administration ("FSSA") and continue serving patients who suffer or who have suffered from addiction-related physical or mental ailments, including substance abuse disorders.

25. FSSA thereafter notified the Hickory Plaintiffs that, in order to obtain certification as a sub-acute facility, they must first submit a letter from the Town of Highland stating that the proposed use as a sub-acute facility meets Highland zoning requirements.

26. The Hickory Plaintiffs have met and continue to meet all other requirements for certification as a sub-acute facility.

27. On or around August 15, 2019, to satisfy FSSA's requirements, the Hickory Plaintiffs requested a letter from the Commission affirming that the proposed use of the Property as a sub-acute facility remains consistent with the existing legal nonconforming use (the "Letter").

5

28. The Commission notified the Hickory Plaintiffs that it did not have the authority or jurisdiction to issue the Letter and forwarded the request to the Town Council.

29. The parties, through their respective counsel, discussed obtaining the requested Letter from the Town of Highland's legal counsel which would fulfill the FSSA requirements. There was no objection expressed to this proposal.

30. In October 2019, local counsel for Plaintiffs circulated a legal opinion to the Town of Highland's legal counsel, Rhett Tauber, detailing the legal basis for permitting the sub-acute facility to open on the Property.

31. Rhett Tauber never took any action on the Letter or the zoning status of Plaintiffs' property or proposed use.

32. In November 2019, new members of the Town Council, including Mark Schocke, were elected. These members were sworn into office in January 2020. John Reed was subsequently appointed Town Attorney in Rhett Tauber's place in January 2020 after the Town Council composition changed following the elections.

33. Representatives of Plaintiffs met with Ken Mika and Mark Herak at the Highland Town Hall for a second time in March 2020. Mr. Mika reiterated that Plaintiffs might need a use variance and directed them to John Reed for a final opinion.

34. On or about May 11, 2020, counsel for Plaintiffs then reached out to John Reed requesting an opinion. That same day, John Reed circulated a draft Letter to counsel for Plaintiffs opining that the Property was properly zoned as a legal nonconforming use and that Plaintiffs' proposed use as a sub-acute facility would be permitted. However, a final Letter was never issued.

35. No representatives of the Town explicitly authorized or directed John Reed to respond to Plaintiff's counsel.

36. Melissa Durkin, a representative of Plaintiffs, contacted several representatives of the Town on or about June 5, 2020, to request an update on the status of the Letter.

37. At some point after the issuance of the draft Letter but before Melissa Durkin's email of June 5, several Town representatives, including Ken Mika, Mark Herak, John Reed, and Clerk-Treasurer Michael Griffin, researched the Town zoning code and undertook a search of Town records (specifically, Town Council minutes) to determine the nature of the original use granted to Plaintiffs.

38. Mark Schocke was aware that this research had occurred.

39. Members of the Town Council, including Mark Schocke, and Town Attorney John Reed participated in an executive session discussing the proposed use and the Letter sometime after June 5, 2020.

40. Representatives of the Town of Highland, including John Reed, subsequently stopped responding to the Hickory Plaintiffs' request for a final Letter.

41. John Reed now asserts that the initial approval did not contemplate rehabilitation for addiction and that Plaintiffs should have filed a formal petition before the Commission. These assertions are without basis in fact.

42. The Hickory Plaintiffs were later informed (on or about June 9 and 10, 2020) that Mark Schocke affirmatively opposed issuance of the Letter.

43. The Hickory Plaintiffs were informed that Mr. Schocke had discussed the proposed transition with family and other members of the community who were opposed based on an unlawful and discriminatory animus toward the Hickory Plaintiffs and potential residents at the Property. This animus arose from unfounded community concern that these residents would be able to sign themselves out and come and go in the neighborhood as they pleased.

44. Defendants, individually and in concert, made the decision not to issue a final letter to Plaintiffs. A final letter, to which Defendants are entitled, still has never issued.

45. This official decision by representatives of the Defendants was never communicated to the Hickory Plaintiffs and was based on an unlawful and discriminatory animus toward the Hickory Plaintiffs and potential residents at the Property.

46. By the plain terms of the Highland Municipal Code, the established legal nonconforming use at the Property does not require a use variance. *See* Highland Municipal Code § 18.115.050(E).

47. Due to Defendants' unjustified, unlawful, and belated decision to oppose the Hickory Plaintiffs' lawful use of the Property as a sub-acute facility, Plaintiffs have been and continue to be denied access to the Property for a lawful and proper use. Such denial has prevented the Hickory Plaintiffs from providing much-needed services in the Town of Highland and is damaging both to Plaintiffs and their business and to those in need of the services.

**COUNT I – VIOLATION OF 42 U.S.C. § 1983 (14th AMENDMENT'S EQUAL PROTECTION CLAUSE)**
**As against Defendants Town Council of Highland, Indiana, Highland Municipal Plan Commission, and Town of Highland, Indiana**

48. Plaintiffs incorporate paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. Plaintiffs own the Property and are entitled to all privileges and protections this ownership offers under the United States Constitution.

50. Under Chapter 18.90 of the Highland Municipal Code, nonconforming use structures are permitted until removed.

51. The building at the Property was permitted as a legal nonconforming use some 50 years ago.

52. Plaintiffs filed suit in the Northern District of Indiana, Hammond Division on June 26, 2020 in Case No. 2:20-cv-246, seeking injunctive relief to preserve the legal nonconforming use.

53. The Highland Defendants, under color of state law, denied Plaintiffs' repeated requests to access the Property for its lawful use as a certified sub-acute facility ("Highland Defendants' Denial").

54. The Highland Defendants Denial constitutes a single decision by a final government policymaker.

55. The Highland Defendants' Denial was based on animus and discrimination toward individuals suffering from addiction-related physical or mental ailments, including substance abuse disorders.

56. The Highland Defendants' Denial violates the Fourteenth Amendment to the U.S. Constitution's equal protection clause because the Highland Defendants' Denial treated individuals suffering from addiction-related physical or mental ailments, including substance abuse disorders, differently than individuals not suffering from addiction-related physical or mental ailments, including substance abuse disorders.

57. The Highland Defendants' discriminatory treatment of individuals suffering from addiction-related physical or mental ailments, including substance abuse disorders, was not rationally related to a legitimate state interest.

58. Due solely to the Highland Defendants' Denial, Plaintiffs have been unable to transition the Property from a dual-certified nursing facility and skilled nursing facility to as a sub-acute facility pursuant to Ind. Code § 12-22-2.

59. As a proximate cause of the Highland Defendants' Denial, Plaintiffs have suffered compensatory damages, including lost profit damages.

**WHEREFORE**, Plaintiffs pray for compensatory damages, attorneys' fees, prejudgment interest and all other just and proper relief in the premises.

### COUNT II – VIOLATION OF 42 U.S.C. § 1983 (Procedural Due Process)
### As against Defendants Town Council of Highland, Indiana, Highland Municipal Plan Commission, and Town of Highland, Indiana

60. Plaintiffs incorporate paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. Plaintiffs own the Property and are entitled to all privileges and protections this ownership offers under the United States Constitution.

62. Under Chapter 18.90 of the Highland Municipal Code, nonconforming use structures are permitted until removed.

63. The building at the Property was permitted as a legal nonconforming use some 50 years ago.

64. Plaintiffs filed suit in the Northern District of Indiana, Hammond Division on June 26, 2020 in Case No. 2:20-cv-246, seeking injunctive relief to preserve the legal nonconforming use.

65. The Highland Defendants, under color of state law, denied Plaintiffs' repeated requests to access the Property for its lawful use as a certified sub-acute facility ("Highland Defendants' Denial").

66. The Highland Defendants Denial constitutes a single decision by a final government policymaker.

67. The Highland Defendants' Denial was done prior to providing notice of such denial and the opportunity to be heard, resulting in the deprivation of property without procedural due process.

68. The Highland Defendants' Denial without providing an opportunity to be heard or other meaningful review, arbitrarily, irrationally, and unfairly deprives Plaintiffs of their protected property rights without due process of law.

69. The due process violation arising from the Highland Defendants' Denial occurred under color of state law and violates 42 U.S.C. Section 1983.

70. As a proximate cause of the Highland Defendants' Denial, Plaintiffs have suffered compensatory damages, including lost profit damages.

**WHEREFORE**, Plaintiffs pray for compensatory damages, attorneys' fees, prejudgment interest and all other just and proper relief in the premises.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983 (14th AMENDMENT'S EQUAL PROTECTION CLAUSE)
**As against Defendant Mark Schocke**

71. Plaintiffs incorporate paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72. Plaintiffs own the Property and are entitled to all privileges and protections this ownership offers under the United States Constitution.

73. Under Chapter 18.90 of the Highland Municipal Code, nonconforming use structures are permitted until removed.

74. The building at the Property was permitted as a legal nonconforming use some 50 years ago.

11

75. Plaintiffs filed suit in the Northern District of Indiana, Hammond Division on June 26, 2020 in Case No. 2:20-cv-246, seeking injunctive relief to preserve the legal nonconforming use.

76. Defendant Schocke, as President of the Highland Town Council and under color of state law, denied Plaintiffs' repeated requests to access the Property for its lawful use as a certified sub-acute facility by refusing to bring Plaintiffs' request for the Letter to the Highland Town Council for a vote ("Schocke's Denial").

77. Schocke's Denial was based on animus and discrimination toward individuals suffering from addiction-related physical or mental ailments, including substance abuse disorders.

78. Schocke's Denial violates the Fourteenth Amendment to the U.S. Constitution's equal protection clause because Schocke's Denial treated individuals suffering from addiction-related physical or mental ailments, including substance abuse disorders, differently than individuals not suffering from addiction-related physical or mental ailments, including substance abuse disorders.

79. Schocke's discriminatory treatment of individuals suffering from addiction-related physical or mental ailments, including substance abuse disorders, was not rationally related to a legitimate state interest.

80. Due solely to Schocke's Denial, Plaintiffs have been unable to transition the Property from a dual-certified nursing facility and skilled nursing facility to a sub-acute facility pursuant to Ind. Code § 12-22-2.

81. As a proximate cause of Schocke's Denial, Plaintiffs have suffered compensatory damages, including lost profit damages.

**WHEREFORE**, Plaintiffs pray for compensatory damages, attorneys' fees, prejudgment interest and all other just and proper relief in the premises.

### DEMAND FOR JURY TRIAL

Plaintiffs, by counsel, respectfully request a jury trial for all issues deemed triable.

    Respectfully submitted,

Shelley M. Jackson
Shelley M. Jackson, Atty. No. 27176-29
Elizabeth M. Roberson, Atty. No. 34097-64
KRIEG DeVAULT LLP
12800 North Meridian Street, Suite 300
Carmel, IN  46032
Telephone:   (317) 566-1110 (Main)
    (317) 238-6272 (S. Jackson)
    (317)-238-6342 (E. Roberson)
Facsimile:   (317) 636-1507
E-Mail:   sjackson@kdlegal.com
    eroberson@kdlegal.com

David A. Buls, Atty. No. 17890-64
KRIEG DeVAULT LLP
8001 Broadway, Suite 400
Merrillville, IN  46410
Telephone:   (219) 227-6100 (Main)
    (219) 227-6100
Facsimile:   (219) 227-6101
E-Mail:   dbuls@kdlegal.com

*Attorneys for Plaintiffs Chosen Consulting, LLC d/b/a Chosen Healthcare; Indiana ATC JV, LLC d/b/a Hickory Recovery Network; Highland Recovery, LLC d/b/a Hickory Treatment Center at Highland; Chosen Highland, LLC; and Hickory House Recovery, LLC*

KD_14690433_4.docx